This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                   **NO. 35,553**

**SAMUEL LUNDVALL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant appeals the revocation of his probation. We issued a notice of proposed disposition proposing to affirm, and Defendant has responded with a

memorandum in opposition. We have carefully considered the arguments raised in that memorandum but continue to believe that affirmance is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we affirm.

{2} In our notice we proposed to find there was sufficient evidence to support the revocation, pointing to testimony from Defendant's probation officer as well as Defendant's own testimony. Specifically, there was evidence that Defendant failed to report to his probation officer because he left her only one message and did not return her telephone call ordering him to report immediately. There was also evidence that Defendant had not called the Norchem drug testing hotline and therefore failed to report for drug testing, and that Defendant was not home or did not respond when his probation officer attempted to visit him in person. In response, Defendant argues that the State failed to prove his violations were willful, as the State was required to do. *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339. Defendant points out that he was homeless and that he had been hit by a vehicle, suffering an injury to his leg that required him to have a cast on his leg and to stay in the hospital for an unstated period of time. [MIO 4] He also points to his testimony that he left one message for his probation officer explaining his situation and believed that message was sufficient to explain the difficulties he was facing in meeting his probation requirements. [Id. 6]

{3}     We hold that there was evidence from which the district court could infer that Defendant's probation violations were willful. *See State v. Motes*, 1994-NMSC-115, ¶ 11, 118 N.M. 727, 885 P.2d 648 (noting that, because intent is subjective, it is rarely proved by direct evidence and is almost always inferred from other facts in the case). The district court as the fact-finder was allowed to weigh the evidence and disbelieve Defendant's explanations for his failure to call the drug-testing hotline as well as his failure to directly contact his probation officer. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Furthermore, as we stated in the notice of proposed disposition, on appeal we must view the evidence in the light most favorable to the district court's decision, indulging all inferences in favor of that decision and resolving all conflicts in the evidence in support of that decision. *Bruno R.*, 2003-NMCA-057, ¶ 9. In doing so, we are left with the facts that Defendant did not call the Norchem drug-testing hotline and did not directly contact his probation officer, and therefore did not comply with the requirements of his probation.

{4}     Defendant renews his argument that our opinion in a prior appeal was wrongly decided, and that the four-year enhancement he received following his prior probation violation was illegal. [MIO 7] We continue to believe, as we discussed in our notice, that the doctrine of law of the case or, alternatively, the doctrine of issue preclusion answers this argument. Defendant has already had an opportunity to challenge the

enhancement and was unsuccessful. For the reasons discussed in our notice, he may not challenge the enhancement again in this subsequent appeal.

{5}     Based on the foregoing as well as the discussion contained in the notice of proposed summary disposition, we affirm the revocation of Defendant's probation.

{6}     **IT IS SO ORDERED.**


_____
                              **LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____
**M. MONICA ZAMORA, Judge**


_____
**HENRY M. BOHNHOFF, Judge**